1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Esequiel Gonzalez Sanchez,           )   No. CV 10-2013-PHX-JAT
                                         )
10              Plaintiff,               )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Michael J. Astrue, Commissioner of Social )
13  Security,                            )
                                         )
14              Defendant.               )
                                         )
15  _____  )

16          Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 25).  The

17  Court now rules on the Motion.

18      **I.      BACKGROUND**

19          In September 2010, Plaintiff filed an appeal from a denial of his application for Social

20  Security disability benefits.  Plaintiff specifically identified five grounds that were the basis

21  of his appeal: (1) the Administrative Law Judge (the "ALJ") committed legal error in

22  rejecting Plaintiff's treating physician's opinions without providing legally sufficient

23  reasons.; (2) substantial evidence did not support the ALJ's step three determination that

24  Plaintiff did not have impairments that met or equaled Listing 1.04, 20 C.F.R. Part 404,

25  Subpart P, Appendix 2; (3) the ALJ erred in relying on the grids at step five to deny

26  Plaintiff's claim; (4) the ALJ committed legal error in rejecting of Plaintiff's credibility

27  without substantial evidence for doing so; and (5) the ALJ's conclusion that Plaintiff's

28

diabetes was not a severe impairment at step two was not supported by substantial evidence. (*See* Doc. 22).

In ruling on Plaintiff's appeal, the Court found that (1) the ALJ did not commit legal error when he rejected the opinion of Plaintiff's treating physician (*see* Doc. 22 at 14); (2) the ALJ erred in step three in failing to "provide a sufficient explanation for concluding that Plaintiff's impairments do not equal the criteria of Listing 1.04(a)" (Doc. 22 at 16); (3) the ALJ erred in step five in relying on grids, rather than relying on the testimony of the vocational expert (Doc. 22 at 17); (4) the ALJ did not commit legal error in determining the credibility of Plaintiff's subjective pain testimony (Doc. 22 at 18); and (5) the ALJ did not err in Step 2 when he found that Plaintiff's diabetes was not a severe impairment (Doc. 22 at 18).

Based on these findings, the Court reversed the ALJ's decision and remanded for further proceedings. Specifically, the Court found that, at Step 3, the ALJ needed to properly consider whether Plaintiff's impairments met the criteria of Listing 1.04(a). The Court instructed that, if the ALJ found that Plaintiff's impairments did not meet the criteria of that Listing, the ALJ needed to reevaluate Steps Four and Five and, if the ALJ reached Step Five, the ALJ needed to properly consider the Vocational Expert's testimony and not rely on grids in making his determination. (Doc. 22 at 18-19).

Plaintiff now seeks $9,420.50 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## II.    LEGAL STANDARD

On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is entitled to attorney's fees unless the government's position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the government's position includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d) (2)(D). Furthermore,

1   the Supreme Court has defined "substantially justified" as "justified to a degree that could

2   satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (affirming

3   "Ninth Circuit's holding that substantially justified means having a reasonable basis both in

4   law and fact"); *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005) ("The

5   Commissioner is substantially justified if his position met the traditional reasonableness

6   standard-that is justified in substance or in the main, or to a degree that could satisfy a

7   reasonable person."). The government bears the burden of showing that its position was

8   substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir.2005).

9       Further, the Court must consider both (1) whether the underlying conduct of the ALJ

10  was substantially justified and (2) whether the Commissioner's litigation position defending

11  the ALJ's error was substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259

12  (9th Cir. 2001).

13      **III.    ANALYSIS**

14          **A.    Whether Plaintiff is entitled to an Award of Fees under the EAJA**.

15      There is no dispute that Plaintiff is the prevailing party within the meaning of the

16  EAJA in this case.  *See Gutierrez*, 274 F.3d at 1257 (internal citation omitted) (stating that

17  an applicant for disability benefits becomes a prevailing party for the purposes of the EAJA

18  if the denial of benefits is reversed and remanded regardless of whether disability benefits

19  ultimately are awarded).   Rather, the primary issue before the Court is whether the

20  Commissioner's position in defending the underlying action was substantially justified.

21
22      Where the Commissioner defends "basic and fundamental
        errors," his defense often lacks substantial justification. *Corbin*
23      *v. Apfel,* 149 F.3d 1051, 1053 (9th Cir. 1998). Defense of an
        administrative law judge's (ALJ's) failure to comply with laws
24      or regulations also lacks substantial justification. *See Gutierrez*
        *v. Barnhart,* 274 F.3d 1255, 1259–60 (9th Cir. 2001). On the
25      other hand, where resolution of the case turns on the weight and
        evaluation of the evidence . . . the Commissioner's defense of
26      the ALJ's findings ordinarily is substantially justified. *See Lewis*
        *v. Barnhart,* 281 F.3d 1081, 1084, 1086 (9th Cir. 2002).
27
28

1   *O'Neal v. Astrue,* 466 Fed.Appx. 614, 615, 2012 WL 122359, at *1 (9th Cir. 2012).  In this

2   case, the Court found that the ALJ did not adequately explain his evaluation of record

3   evidence and the combined effects of Plaintiff's impairments.  Specifically, the Court found

4   that, in rejecting Plaintiff's claim that he had a compromise of the nerve root or spinal cord

5   within the meaning of a § 1.04(A), the ALJ failed to explain why he discounted evidence

6   from three doctors who found that Plaintiff did have at least some damage to his nerves.

7        The Commissioner argues that the ALJ's position and the Commissioner's defense

8   of that position were substantially justified because there was significant evidence in the

9   record that Plaintiff did not have nerve root compromise as contemplated by § 1.04(A).

10  Specifically, the Commissioner points to various results from medical examinations showing

11  that Plaintiff had normal motion at his ankles, subtalar joints, midtarsal joints bilaterally,

12  normal motor strength throughout, including good foot/ankle muscle strength bilaterally,

13  normal, symmetric reflexes bilaterally, negative straight leg raise testing sitting, and a normal

14  gait and the absence of left gait weakness.  Further, a lumbar spine MRI revealed the absence

15  of significant spinal canal stenosis, a lumber spine CT scan/myelogram revealed the absence

16  of spinal stenosis or neural impingement and left lower extremity electrodiagnostic studies

17  revealed normal sensory and motor nerve conduction.

18       In Reply, Plaintiff argues that, even if the Commissioner was substantially justified

19  in arguing that Plaintiff did not have nerve root compromise as contemplated by § 1.04(A),

20  the ALJ was not substantially justified when he failed to adequately explain his evaluation

21  of record evidence and combined effects of Plaintiff's impairments.  Likewise, Plaintiff

22  argues the Commissioner was not substantially justified in defending this error.

23       Indeed, the Court found that "[t]he ALJ's failure to provide a sufficient explanation

24  for concluding that Plaintiff's impairments do not equal the criterial of Listing 1.04(A)

25  constitutes legal error."  (Doc. 22 at 16).   Because "[d]efense of an administrative law

26  judge's (ALJ's) failure to comply with laws or regulations . . . lacks substantial justification,"

27  *O'Neal*, 466 Fed.Appx. at 615, the Commissioner was not substantially justified in defending

28

1  the ALJ's failure to provide a sufficient explanation of why Plaintiff's impairments did not

2  equal the criteria listing of § 1.04(A).

3       Plaintiff also argues that the Commissioner was not substantially justified in defending

4  the ALJ's use of the grids at step five of the disability analysis.  The Commissioner argues

5  that the ALJ's ultimate conclusion was reasonable based on the evidence in the Record, and

6  thus the Commissioner was substantially justified in defending the ALJ's use of the grids at

7  step five.  The Court found that grids may only be used when they accurately and completely

8  describe the claimant's abilities and limitations and, because the ALJ recognized that the

9  grids did not accurately and completely describe Plaintiff's abilities and limitations, it was

10  error for the ALJ to rely on the grids in the step five analysis.  Again, because the ALJ's error

11  was legal in nature and did not turn on the weight and evaluation of the evidence, the

12  Commissioner was not substantially justified in defending the ALJ's reliance on the grids at

13  step five.

14       Accordingly, the Court finds that Plaintiff is entitled to attorneys' fees under the

15  EAJA.

16            **B.      Whether the Requested Fees are Reasonable**

17

18       Plaintiff requests $9,420.50 in attorneys' fees.  Specifically, Plaintiff seeks recovery

19  for 2.5 hours of lead counsel's work in 2010 and 38.6 hours of lead counsel's and an

20  associate's work in 2011.  Additionally, Plaintiff seeks recovery for 2.3 hours of a law

21  student intern's work at a rate of $100 per hour.  Plaintiff's counsel requests that the Court

22  enhance the EAJA's $125 base rate based on a cost of living increase and, in addition to a

23  cost of living increase, requests an additional $50.00 per hour based on the limited

24  availability/expertise of Plaintiff's counsel.

25       Pursuant to the EAJA and *Thangaraja v. Gonzalez*, 428 F.3d 870, 876-77 (9th Cir.

26  2005), the Court will award Plaintiff's counsel a cost of living increase for the billed hours

27  of lead counsel and his associate.  This results in an applicable statutory maximum rate of

28

$175.06 per hour for work in 2010 and $180.59 per hour for work in 2011. *See* United States Courts for the Ninth Circuit, Equal Access to Justice Act-Rates, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 6, 2012).

The Court declines to award Plaintiff's counsel an additional $50.00 per hour based on the limited availability of social security practitioners and the expertise of Plaintiff's counsel. While the Court does not doubt Plaintiff's counsel's expertise in this area of law, Plaintiff's counsel solely relies on a 1988 District Court decision for the proposition that there is a limited availability of qualified federal court attorneys for social security appeals in the Phoenix metropolitan area. This information is insufficient to convince the Court that an additional $50.00 upward adjustment per hour is warranted in this case.

## IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorneys' Fees (Doc. 25) is granted in the amount of $7,638.42.[1] This award shall be made payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, __U.S.__, 130 S.Ct. 2521 (2010).

DATED this 8th day of August, 2012.

James A. Teilborg
United States District Judge

---

[1] This award represents 2.3 hours of the law school intern at $100 per hour, 38.6 hours of lead counsel and associate time at the 2011 rate of $180.59 per hour, and 2.5 hours of lead counsel's time at the 2010 rate of $175.06 per hour.